UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

LAZARO DESPAIGNE BORRERO,

Plaintiff,

v.

DAVE LINDEMANN, DEAN A. HOVE, CURTIS ALJETS, CHARLES ARENDALE, ERIC QUELLETTE, BRUCE NORUM, and persons unknown,

Defendants.

---

Civil No. 01-731 (RHK/FLN)

**REPORT AND RECOMMENDATION**

Plaintiff, a detainee at the Hennepin County Adult Corrections Facility, has filed a complaint seeking relief for alleged violations of his federal constitutional rights. (Docket No. 1.) Plaintiff did not pay the required $150 filing fee for this action, but instead filed an application requesting leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Thus, the matter is presently before the Court to determine whether Plaintiff should be granted IFP status. For the reasons discussed below, it will be recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. BACKGROUND

Plaintiff is an alien from Cuba. In 1993, he was found guilty of unlawfully possessing cocaine and a firearm, and was sent to state prison. In 1999, while Plaintiff was still serving his state prison sentence, a United States Immigration Judge ordered that he be removed from the United States to Cuba. Based on that removal order, the United States Immigration and Naturalization Service, ("INS"), took Plaintiff into custody when the

MAY 1 5 200
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

State of Minnesota granted him supervised release from prison, which occurred on or about September 11, 2001. Since that time, the INS has caused Plaintiff to be detained pending his removal from the United States.

When Plaintiff was first taken into INS custody, he was held at the Minnesota Correctional Facility in Rush City, Minnesota. While confined there, he commenced two actions in this District – (i) a habeas corpus action challenging the validity of his detention by the INS, (Borrero v. Aljets, No. 00cv2351 (RHK/FLN)), and (ii) a civil rights action challenging the constitutionality of his treatment and the conditions of his confinement at the Rush City prison, (Borrero v. Coolidge, No. 01cv86 (RHK/FLN)). Both of those actions are still pending.

On March 8, 2001, Plaintiff was informed that the "Cuban Review Panel" would conduct a hearing in connection with his INS case on or about March 22, 2001. Plaintiff hoped that his wife and children, as well as his attorney, would be able to attend the hearing with him. However, the hearing was conducted suddenly, and without further notice, on March 19, 2001. Plaintiff appeared at the hearing in chains and handcuffs. The complaint provides no information about what happened at the hearing, or what action or decision (if any) resulted from the hearing.

On March 28, 2001, Plaintiff was transferred from the prison in Rush City to the Hennepin County Adult Corrections Facility, where he is now confined. Plaintiff apparently is dissatisfied with the conditions of his current confinement. He has alleged in very broad and vague terms that he is being subjected to "physically and psychological abuse, ill inhumane treatment and unlawful and unwarranted confinement in segregation." He has

not identified any specific incidents that have occurred during his confinement at the Hennepin County Adult Corrections Facility, nor has he identified who allegedly is responsible for the conditions of his confinement there.

Plaintiff also broadly alleges that since his arrival at the Adult Corrections Facility, he has not been able to use a law library, and he has been deprived of other legal resources and materials as well. He claims that as a result of those alleged deprivations, he has been denied his constitutional right of access to the courts.

The principal Defendant in this lawsuit is Dave Lindemann, who is identified as a "special agent" of the INS. Plaintiff apparently believes that Lindemann is responsible for his INS detention. Plaintiff is also attempting to sue Dean A. Hove, Curtis J. Aljets, Charles Arendale, Eric Quellette, Bruce Noram "and persons unknown, et al.," but none of those individuals is mentioned anywhere in the body of the complaint, and Plaintiff has offered no clue as to why he is attempting to sue any of them.

The complaint refers to 42 U.S.C. § 1983, Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), "due process," and the First and Eighth Amendments, which implies that Plaintiff is claiming Defendants have somehow violated his federal constitutional rights. The complaint also indicates that Plaintiff is relying on state tort law, although he has offered no explanation for that assertion. His demands for relief include an immediate release from custody, (on "supervised release"), and a declaratory judgment adjudicating the constitutionality of his current confinement. He is also seeking an award of compensatory damages in the sum of $85,000,000, plus $36,000,000 in punitive damages.

## II. DISCUSSION

An IFP application will be denied and the action will be dismissed if the plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).[1]

In this case, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted for two reasons. First, Plaintiff has failed to state an actionable claim because he has not described any specific act(s) or omission(s) by any of the named Defendants, which, if proven true, would cause such Defendant(s) to be liable to Plaintiff. Second, Plaintiff's claims are barred by the principles discussed in Heck v. Humphrey, 512 U.S. 477 (1994).

### A. Insufficiency Of The Factual Allegations In The Complaint

To plead a federal civil rights claim, (as Plaintiff apparently is attempting to do here), a complainant must allege facts showing that the named defendant(s), while acting under color of state law, violated the complainant's federal constitutional rights. See West v. Atkins, 487 U.S. 42, 48 (1988). In this case, Plaintiff's pleading fails to state an actionable civil rights claim, because it does not allege any facts linking any specific wrongful conduct to any specifically identified Defendant(s).

---

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted," (§ 1915(e)(2)(B)(ii)).

Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). Moreover, a civil rights claim must include allegations showing "a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (Tunheim, J.) (same). In other words, the complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights.

Plaintiff's present complaint is fatally deficient because it does not allege any facts ascribing any specific wrongful conduct to any of the individual named Defendants. In fact, only one of the Defendants, Dave Lindemann, is even mentioned in the body of Plaintiff's complaint. There are no allegations describing what the other five Defendants -- Dean A. Hove, Curtis J. Aljets, Charles Arendale, Eric Quellette, Bruce Noram -- are accused of having done. Thus, the instant complaint clearly fails to state any cause of action against those five Defendants.

While Defendant Lindemann is mentioned in the complaint, the allegations pertaining to him are only conclusory. The complaint does not describe any specific acts or omissions by Lindemann; it merely alleges, in very general terms, that Lindemann has violated Plaintiff's constitutional rights by causing him to be detained under objectionable

conditions.[2]

The only somewhat specific allegation pertaining to Lindemann is the allegation that he has violated Plaintiff's constitutional right of access to the courts, by denying him access to a law library and other materials he purportedly needs to communicate with the courts. To prevail on an access-to-the-courts claim, however, a prisoner must demonstrate some "actual injury." Lewis v. Casey, 518 U.S. 343, 349 (1996). See also, Klinger v. Department of Corrections, 107 F.3d 609, 617 (8th Cir. 1997) ("[i]n Lewis v. Casey, the Supreme Court held, based on principles of standing, that actual injury must be proven in order to prevail on an access-to-courts claim"). There is no "abstract, freestanding right" of access to legal resources; an inmate must show that he has been deprived of some specific opportunity to defend himself, or advance a viable legal claim, in some particular action. Lewis, 518 U.S. at 351; Sabers v. Delano, 100 F.3d 82, 84 (8th Cir. 1996) (per curiam). He also must identify some specific injury resulting from that lost opportunity. Id. See also Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) (prisoners "must demonstrate, for example, that the inadequacy" of access to legal resources "caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim"); Bannan v. Angelone, 962 F.Supp. 71, 74 (W.D.Va. 1996) ("in order to establish a claim of constitutional dimensions, an inmate must come forward with something more than vague and conclusory allegations of harm[;] [h]e must establish some

---

[2] The Court notes that even if Lindemann has caused Plaintiff to be detained, it is not clear that Lindemann is personally responsible for the day-to-day conditions of Plaintiff's detention. It is further noted that there is no suggestion that Defendant Lindemann played any role in the "Cuban Review Panel" hearing in March 2001, which appears to be a major impetus for this action.

specific prejudice").

The instant complaint plainly fails to state an actionable access-to-the-courts claim, because it does not identify any specific instance where Plaintiff actually forfeited a valuable legal right due to the unavailability of a law library and/or other materials needed to litigate. There are no factual allegations suggesting that Plaintiff has actually lost any specific claim or defense in any pending or contemplated legal proceeding, which would have been preserved if he had been provided adequate legal resources and materials.

In sum, the Court finds that, even with the benefit of liberal construction, the instant complaint does not state a cognizable claim, because it does not include sufficient factual allegations showing that Plaintiff's constitutional rights have been violated by any of the named Defendants.

B. Heck v. Humphrey

Furthermore, even if Plaintiff's complaint did contain factual allegations suggesting that Defendants are causing him to be confined unconstitutionally, his present civil rights lawsuit still would be barred by Heck v. Humphrey, supra. In that case, the Supreme Court reiterated that a prisoner cannot challenge the fact or duration of his incarceration in a civil rights action. Habeas corpus is the exclusive federal remedy for a prisoner who believes that he is being wrongfully imprisoned. 512 U.S. at 481, citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). Thus, even when a prisoner-plaintiff demands money damages, he cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement." Heck, 512 U.S. at 483.

In this case, it is readily apparent that a judgment for Plaintiff would cast doubt on the validity of his confinement. Indeed, it is clear that his principal objective in this action is to secure his release from custody. He is claiming that his detention itself is illegal or unconstitutional, and that he should be released from confinement immediately. According to Heck, however, the validity of Plaintiff's confinement cannot be decided in a federal civil rights action. Again, habeas corpus is the exclusive judicial remedy for challenging the legality and constitutionality of his detention.

Moreover, it would serve no useful purpose to construe Plaintiff's current pleading to be a habeas corpus petition, and then entertain it as such. Plaintiff has already filed a habeas petition, which, as previously noted, (see p.2, supra), is still pending in this District. Plaintiff has offered no good reason to treat his current pleading as a second habeas petition. If Petitioner believes that he has some new basis for seeking relief from custody, which has not already been raised in his pending habeas case, he will have to either (a) seek leave to amend his pending petition, (assuming it is not already too late to do so), or (b) attempt to commence an entirely new habeas corpus action.[3]

**III. CONCLUSION**

For the reasons discussed above, the Court concludes that Plaintiff's complaint fails to state a claim on which relief can be granted, and that this action should therefore be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). It follows that Plaintiff's IFP application should be denied. The action should be dismissed without prejudice, however,

---

[3] Plaintiff should not pursue either of these two courses of action, however, unless he has some truly new basis for seeking release from custody, which is not included in his still pending petition. No viable habeas claim can be found in his present pleading.

so that Plaintiff will be able to preserve any claim that might be available to him in the event that his current confinement is ever adjudicated -- in a habeas corpus proceeding -- to be illegal or unconstitutional.[4]

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**;

2. This action be **SUMMARILY DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: May 14, 2001

FRANKLIN L. NOEL
Chief Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being

[4] Plaintiff's state law claims also should be dismissed without prejudice, pursuant to 28 U.S.C. § 1367(c)(3). That statute allows federal courts to decline to exercise supplemental jurisdiction over state law claims when the court has "dismissed all claims over which it has original jurisdiction." Because Plaintiff has failed to plead a viable federal claim, it is recommended that his state law claims be summarily dismissed at this time. See Stokes v. Lokken, 644 F.2d 779, 785 (8th Cir. 1981) ("when federal claims are dismissed before trial, the normal practice is to dismiss pendent [state law] claims"); see also Condor Corp. v. City of St. Paul, 912 F.2d 215, 220 (8th Cir. 1990) (stressing "the need to exercise judicial restraint and avoid state law issues wherever possible").

made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.